## Thomas Renfro v. E. W. Harris.

### Decided January 29, 1902.

**1.—School Land—Purchaser—Evidence.**

An application to purchase school land was properly rejected as evidence of right in the applicant, in the absence of showing that the rights of a previous purchaser had been legally forfeited.

**2.—Trespasser—Forcible Entry and Detainer.**

An actual settler on school land, claiming rights as a purchaser, is not a naked trespasser, and may maintain forcible entry and detainer against one interrupting his possession.

**3.—Forcible Entry and Detainer—Title—School Land.**

As between adverse claimants of rights as purchasers of a tract of school land, only the issue as to prior possession, and not that of superior title, is involved in the action of forcible entry and detainer.

**4.—School Land—Purchase—Forfeiture—Reinstatement.**

The reinstatement by the Commissioner of the Land Office of a purchaser of school land whose rights had been erroneously declared forfeited for supposed abandonment, restores his claim to its superiority over that of an applicant for purchase between the forfeiture and reinstatement, whose award of the land had been canceled on such reinstatement of the other.

**5.—Same—Forcible Entry and Detainer.**

In an action of forcible entry and detainer it was not allowable to go beyond or impeach the records of the General Land Office to show invalidity of the claim of title of one who was defending his prior possession by such action.

**6.—Same.**

Facts considered and held to justify a peremptory instruction to find for plaintiff, whose prior possesion was unquestioned, in an action of forcible entry and detainer.

Appeal from the County Court of McCulloch. Tried below before Hon. John W. Goodwin. ·

*Shropshire & Hughes* and *Walter Anderson,* for appellant.

*A. W. Moursund, Jenkins & McCartney,* and *F. M. Newman,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This is an action of forcible entry and detainer by appellee, Harris, against appellant, Renfro, brought in the Justice Court of precinct No. 1, in McCulloch County, where there was a verdict of not guilty and judgment entered. Harris appealed to this District Court, where a verdict of not guilty was returned and a new trial granted, and at the April term, 1891, after hearing the evidence, the court instructed the jury to return a verdict for plaintiff, Harris, which being done, judgment was rendered for him, from which this appeal is taken by Renfro. The land for the possession of which the suit is brought is school land section 84, No. 33-3241, Houston & Texas Central Railroad Company, appraised at $1 per acre. · The following testimony was introduced on the trial: Certificate of the Commissioner of the General Land Office, that the records of his office show that the section of land in dispute was sold to Evan Harris, September 18, 1897, as an actual settler under the Act of 1897, upon his application and obligation to purchase the same as such; that it was awarded to him January 18, 1898, by Andrew J. Baker, Commissioner of the General Land Office of the State. Certified copy of the application and obligation of Harris filed in the Land Office September 18, 1897, which application, affidavit, and obligation were in form as provided by law. The land was classed as dry grazing land and appraised at $1 per acre, and sold to E. W. Harris, September 18, 1897. Plaintiff, Harris, proved that he had paid all the taxes on the land, and made first payment on his purchase when he filed his application, and has made all annual payments due on his obligation since then, and April 15, 1901, he made final payment on the land, paying all principal and interest due thereon

Defendant introduced in evidence certified copy from the General Land Office of application, affidavit, and obligation to purchase the same land at $1 per acre, classed as dry grazing land, and made by defendant Renfro May 23, 1900; the obligation for $624 with 3 per cent interest thereon; the application, affidavit, and obligation in legal form under Acts of 1895 and amendments thereto, filed in the Land Office of the State May 26, 1900, all properly certified by the Commissioner of the General Land Office. Certificate of John W. Robbins,

Treasurer of the State, was read in evidence, showing that the records of his office show that J. E. Shropshire, March 25, 1901, tendered the office $9.36 as interest to November 1, 1901, on account of Renfro's application to purchase the land, which could not be accepted and applied for the reason that Renfro's application to purchase the section of land was rejected by the Commissioner of the General Land Office.

It was proved that plaintiff, Harris, on May 25, 1900, and prior thereto was in possession of the land; had the same under fence; had two dwelling houses, a barn, a shepherd house and sheep pens, and two fields, two tanks, lots, pens, sheep sheds, and several small pastures; and about the same date Renfro made entry on the close; Harris demanded that Renfro leave the premises, which he refused to do. When he first moved on the premises, in the summer of 1897, his wife and the rest of the family remained in his old home in St. Louis, on which he borrowed money to pay for the land in Texas. After his contract to purchase the property in suit, it was always his intention to move onto the land, when he finished educating his children. His wife followed him down to the property in October or November, 1897. He resided on the land, claiming it as his home ever since August, 1897, and since then he has voted and performed jury service in McCulloch County.

*Opinion.*—1. The fourteenth and last assignment of error complains of the exclusion by the trial court of appellant Renfro's application, affidavit, and obligation to purchase the land in dispute from the State, all of date January 21, 1901, filed in the General Land Office January 21, 1901, "after sale to E. W. Harris had been legally forfeited and canceled and the land again placed on the market, as more clearly appears from defendant's bill of exceptions," etc.

We do not find any evidence of the forfeiture of the Harris sale, as stated in the assignment. If this fact had been shown, and it was also shown in connection with the application to purchase by Renfro that the land has been sold to him by proper authority in form, then an issue would be raised by the proposed testimony; but without such additional facts the application excluded by the court would prove nothing, and would be immaterial. We find no error in the ruling.

2. Nor do we find error in the court's sustaining exceptions to Renfro's plea to the jurisdiction of the court. The assignment says that the lower court by its ruling thereby decided "that a naked trespasser, who has fenced in public free school land of the State, can invoke the summary remedy of 'forcible entry and detainer' and dispossess a bona fide settler thereon and purchaser thereof." We do not find that Harris was a naked trespasser on the land, but an actual settler on the land. We find no merit in the assignment.

3. This action was that of forcible entry and detainer and nothing else, and only involved the issue of prior possession by the plaintiff and not that of title. We find no error in the court's refusing to sustain

defendant's plea to the jurisdiction based upon the assumption that the case involved the issue of title. The issue of title may exist as to the rights of the parties, which may be adjudged in the proper court, but such issues are not necessarily involved in the case of forcible entry and detainer.

4. It is insisted by appellant that the court erred in excluding that part of the certificate of the Commissioner of the General Land Office showing that the purchase of Harris had been forfeited and canceled. The certificate of the Commissioner shows that the sale to Harris was canceled by the Land Office January 17, 1901, because of abandonment by the purchaser, but that the purchase was reinstated March 6, 1901, because it had been erroneously canceled. The bill also shows, by certificate of the Commissioner, that the same land was sold to Renfro January 21, 1897, which sale was canceled on the records of the office March 6, 1901, because the former sale to Harris had been erroneously canceled.

The assigned error was harmless to defendant. The certificate of the Commissioner would show that while the sale to Harris had been canceled it had been erroneously canceled, and because of that fact it had been reinstated, which would legalize his possession and claim. Rev. Stats., art. 2253. We do not believe that in this character of suit it would be proper to go outside the records of the Land Office to show a state of facts which would impeach such records and show cause of forfeiture not declared by the office.

5. We find no error in the charge directing a verdict for the plaintiff. Plaintiff's possession was in evidence; it was recognized by the Land Office, which had reinstated his sale—still valid. Defendant entered unlawfully, and could be dispossessed by the suit brought.

We have examined all the questions presented by briefs of counsel and find no error in the ruling of the court or in the judgment. The judgment is affirmed.

*Affirmed.*